UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARMEN FARMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-CV-142 |
| ) | (VARLAN/SHIRLEY) |
| BUFFALOE & ASSOCIATES, PLC, and ) | |
| RIVERWALK HOLDINGS, LTD., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants Buffaloe & Associates, PLC and Riverwalk Holdings, Ltd.'s Joint Motion to Dismiss [Doc. 5]. Plaintiff filed a response [Doc. 9]. After carefully considering the arguments of the parties and the relevant law, the Court will grant in part and deny in part defendants' motion.

**I.  Background[1]**

Plaintiff, Carmen Farmer, commenced this action on March 26, 2012, asserting "numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")" [Doc. 1 ¶ 2]. Plaintiff is alleged to have incurred a credit card debt, owing to Chase Bank [*Id.* ¶ 7]. Sometime prior to August 30, 2011, and after

---

[1]For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

she defaulted on the debt, the debt was sold or transferred to defendant Riverwalk Holdings, Ltd. ("Riverwalk") [*Id.* ¶ 8].

On August 30, 2011, defendant Buffaloe & Associates, PLC ("Buffaloe") sent a collection letter to plaintiff in connection with this debt [*Id.* ¶¶ 11, 12]. According to plaintiff, the letter "prominently" displays the name of the firm as well as the names and email addresses of seven attorneys and states:

> This office represents Riverwalk Holdings, Ltd. Chase Bank and has been retained to collect the balance due on this account. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.
>
> . . . .
>
> In the event you are unable to pay this account in full at this time, please contact this office and a member of our staff will be happy to discuss the account with you. If you dispute any portion of this debt, please see the next paragraph regarding your rights.
>
> **Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you (where appropriate), and we will mail you a copy of such verification or judgment. If you make a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

[Doc. 1-1 (emphasis omitted)]. It was also "auto signed" by "Buffaloe & Associates PLC" [Doc. 1 ¶ 17].

2

On or about October 11, 2011, defendants filed a civil warrant and sworn affidavit in state court and served it on plaintiff in connection with collection of the debt [*Id*. ¶¶ 28, 29]. The civil warrant stated that the amount due on the debt was "for 'the principal amount of $4,853.04'" [*Id*. ¶ 30 (emphasis omitted)]. Likewise, the sworn affidavit stated that plaintiff owed Riverwalk $4,853.04 as of September 15, 2011 [*Id*. ¶ 31].

Plaintiff sets forth several claims stemming from receipt of this letter, which plaintiff summarizes as follows:

> (1) Defendant Buffaloe's August 30, 2011 collection letter violated 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in collection of Plaintiff's debt;
>
> (2) Defendant Buffaloe's August 30, 2011 collection letter presented two statements which would make the least sophisticated consumer confused and/or uncertain as to her rights, in violation of 15 U.S.C. §§ 1692e and 1692e(10);
>
> (3) The combined statements in Defendant Buffaloe's August 30, 2011 collection letter both overshadowed and were inconsistent with the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b);
>
> (4) Defendant Buffaloe's August 30, 2011 collection letter included language that when included in a letter from an attorney could be reasonably interpreted by the least sophisticated consumer as advancing a threat of legal action before expiration of the Plaintiff's right to seek validation of the debt, in violation of 15 U.S.C. § 1692e(5);
>
> (5) Defendant Buffaloe's August 30, 2011 collection letter included language that was a threat by Defendant Buffaloe that it will file a lawsuit on behalf of Defendant Riverwalk if the Plaintiff does not contact their office immediately without providing a clear explanation of the simple concept that Defendant Buffaloe would be

3

required to cease litigation, if Plaintiff timely disputed the debt as permitted by 15 U.S.C. § 1692g, until the debt is verified, in violation of 15 U.S.C. § 1692e(5), and is the use of a deceptive and misleading representation or means in connection with collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(6) Defendant Buffaloe falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

(7) Defendant Buffaloe failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1); and

(8) Defendant Buffaloe made a false, deceptive, and misleading representation of the amount of the debt in the August 30, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A).

[Doc. 9].

For these alleged violations of the FDCPA, plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) [*Id*.]. Plaintiff also seeks to hold Riverwalk liable pursuant to the doctrine of *respondeat superior*, as plaintiff alleges Buffaloe was an agent for Riverwalk [*Id*. ¶¶ 39–42].

Defendants moved the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all of plaintiff's claims [Doc. 5]. They state that the complaint fails to state claims upon which relief may be granted [*Id*.].

4

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III.    Analysis**

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Court is required to analyze alleged FDCPA violations "through the lens of the 'least sophisticated consumer.'" *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007) (quoting *Smith v. Transworld Sys. Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992)). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Colomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). "'The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Id.* at 1318. It also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320.

**A.    Attorney Involvement**

Plaintiff's first allegation is that the use of the Buffaloe letterhead constituted a false implication that "attorneys, acting as attorneys" were involved in the debt collection [Doc. 1 ¶ 18]. Section 1692e(3) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

> debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

15 U.S.C. § 1692e(3). Defendants assert that plaintiff's allegation fails to state a claim because the letter contained "a prominent and unambiguous disclaimer that no attorney had reviewed the file" [Doc. 5].

The Court agrees with defendants. Here, the August 30, 2011 collection letter states that "no attorney" had "reviewed the particular circumstances of [plaintiff's] account" [Doc. 1-1]. Courts have held that similar statements sufficiently apprise the debtor of the attorney's role as a debt collector and do not run afoul of 15 U.S.C. § 1692e(3). *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363–65 (2d Cir. 2005) (finding no FDCPA violation because, while letter from law firm stated "'this office represents the above named BANK OF AMERICA,'" it also stated that "[a]t this time, *no attorney with this firm has personally reviewed the particular circumstances of your account*" (alteration and emphasis in original)); *Michael v. Javitch, Black & Rathbone, LLP*, 825 F. Supp. 2d 913, 921–22 (N.D. Ohio 2011) (noting that letter written on law firm letterhead did not violate 15 U.S.C. § 1692e(3) because "the validation notice properly disclaims attorney involvement, stating, '[a]lthough we are a law firm, at this time, no attorney has evaluated your case, or made any recommendations regarding the validity of the creditor's claims, or personally reviewed the circumstances of your

7

account'"). Moreover, the bottom of the letter contains the statement that "this communication is from a debt collector" in capital letters, so even the least sophisticated consumer could not infer attorney involvement, despite the use of law-firm letterhead [*See* Doc. 1-1].

Plaintiff asserts that the letter he received differs from the letter at issue in *Michael v. Javitch, Black & Rathbone*, a case relied upon by defendants, because the letter in *Michael* did "not contain the threatening language – 'However, if you fail to contact this office, our client may consider additional remedies to recover the balance due'–, that" was included in the letter sent to plaintiff [Doc. 9]. The same language, however, was included in the letter at issue in *Greco*, which the Second Circuit determined did not run afoul of the FDCPA. *See* 412 F.3d at 361.

Plaintiff also relies upon *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011). In *Lesher*, the plaintiff received a letter from the Kay Law Firm, seeking to recover a debt he owed to Washington Mutual. 650 F.3d at 995. The Third Circuit Court of Appeals determined that the letter violated the FDCPA because "it was misleading and deceptive for the Kay Law Firm to raise the specter of potential action by using its law firm title to collect a debt when the firm was not acting in its legal capacity when it sent the letters." *Id.* at 1003. *Lesher* is distinguishable, however, because the statement that the communication was from a debt collector, not an attorney, was on the back of the letter. *See* 650 F.3d at 1003 n.11 ("In viewing the Kay Law Firm letters at issue here, however, we are not convinced that this disclaimer, which—unlike in

8

*Greco*—was printed on the back of the letters, effectively mitigated the impression of attorney involvement.").

B.     **Statement Regarding Remedies to Recover the Balance Due**

The FDCPA sets forth a thirty-day period following the initial communication or subsequent follow-up notice during which a debtor must cease all collection actions to allow the debtor to challenge the validity of the debt. 15 U.S.C. § 1692g(b). The initial communication or subsequent follow-up notice must include a notice of the debtor's validation rights under 15 U.S.C. § 1692g. 15 U.S.C. § 1692g(a). Here, the August 30, 2011 collection letter contained the following validation notice, written in bold letters:

> \*\*Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion of thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you (where appropriate), and we will mail you a copy of such verification or judgment. If you make a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

[Doc. 1-1]. The collection letter also states: "if you fail to contact this office, our client may consider additional remedies to recover the balance due" [*Id.*].

Plaintiff claims this latter statement contradicts the statement of rights in the validation notice and constitutes a false or misleading statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) as well as 15 U.S.C. § 1692g(b). The Court, however, disagrees. Even the least sophisticated consumer reading the contested statement in conjunction

9

with the statement of rights in the validation notice would not construe the contested statement as inconsistent with the statement of rights in the validation notice. Indeed, nothing in the contested statement contradicts the debtor's validation rights under 15 U.S.C. § 1692g or the timeframe during which the debtor may take advantage of those rights. *Cf. Dunn v. Derrick E. McGavic, P.C.*, 653 F. Supp. 2d 1109, 1113–14 (D. Or. 2009) (finding the statement "[i]f our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired" overshadowed and contradicted the debtor's right to dispute the debt).

Plaintiff also claims this latter statement constitutes a threat of immediate legal action prior to the expiration of the validation period, in violation of 15 U.S.C. § 1692e(5). The Court, again, disagrees. The question is whether plaintiff was led to believe that she did not have thirty days to dispute the debt. *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007). The Court finds the least sophisticated consumer would, reading the letter in its entirety, understand that he or she has thirty days to contest the debt and that no legal action would commence until that time period expired.

### C. Amount of the Debt

Plaintiff alleges Buffaloe failed to send plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1), and made a false, deceptive, and misleading representation of the amount of the debt in the August 30, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A), and that the false representation of the

character, amount, or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f [Doc. 1 ¶¶ 25, 28–38].

Section 1692g requires debt collectors to make certain disclosures in the initial communication to the debtor. 15 U.S.C. § 1692g(a). Among these disclosures is "the amount of the debt." 15 U.S.C. § 1692g(a)(1). If the debt collector fails to include any of the required information in the initial communication, then it is required to send notice containing the required information within five days of the initial communication. 15 U.S.C. § 1692g(a). While the Sixth Circuit has not addressed what information must be provided by the debt collector in order to comply with the requirement to state the "amount of the debt," other Circuits have done so. In *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, the Seventh Circuit fashioned a "safe harbor" for complying with the provisions of the statute, stating that the following language satisfies a debt collector's obligation to state the "amount of the debt" where the amount of the debt varies from day to day:

> "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number]."

214 F.3d 872, 876 (7th Cir. 2000).

Here, the August 30, 2011 collection letter stated:

> Original Claim Amount: $7,571.62
> Plus Attorney Fees and Contract Interest (IF APPLICABLE TO THE ACCOUNT)
> YOU MUST CONTACT THIS OFFICE FOR A COMPLETE PAYOFF BALANCE

[Doc. 1-1]. Despite defendants' assertion, the Court finds this language is not sufficiently similar to the safe-harbor language established by the Seventh Circuit because it does not state the exact amount due, including any interest and other charges; rather, it states that a certain amount plus attorney fees and interest, if applicable, will be due and that the debtor must contact the law firm to obtain the total payoff balance. *See Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, No. 2:11-CV-13, 2011 WL 3489685, at *5 (E.D. Tenn. Aug. 9, 2011) (finding plaintiff stated a claim under the FDCPA where letter "did not correctly state the amount of the debt because it failed to indicate that interest was accruing and the applicable interest rate"). Indeed, in *Miller*, the Seventh Circuit found defendant violated § 1692g(a)(1) where the letter specified a firm amount for the "unpaid *principal* balance" of the loan, but also sought to recover "accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement." 214 F.3d at 875 (emphasis in original).[2] Moreover, the civil warrant dated October 11, 2011, which was filed in state court and served on plaintiff, stated the principal amount

---

[2] The letter at issue in *Miller* also provided, similar to the letter at issue in this case: "The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures." 214 F.3d at 875 (quotation marks omitted).

12

due was greater than the amount stated in the August 30, 2011 collection letter. Thus, the Court finds plaintiff has stated claims that Buffaloe failed to send plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1), and made a false, deceptive, and misleading representation of the amount of the debt in the August 30, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A), and that the false representation of the character, amount, or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.[3]

## IV. Conclusion

For the reasons stated herein, the Court will **GRANT IN PART and DENY IN PART** Defendants Buffaloe & Associates, PLC and Riverwalk Holdings, Ltd.'s Joint Motion to Dismiss [Doc. 5].

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In light of the Court's finding, and plaintiff's allegation that defendant sent no additional communication until the October 11, 2011 civil warrant, the Court also finds that plaintiff has stated a claim that Buffaloe's failure to properly state the amount of the debt in the initial communication triggered an obligation under 15 U.S.C. § 1692g(a) to send a follow up notice five days later [Doc. 1 ¶ 37].

13

Case 3:12-cv-00142-TAV-HBG   Document 15   Filed 12/05/12   Page 13 of 13   PageID #: 95